IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **FOUNDERS INSURANCE COMPANY** a/s/o JOSEPH MELANDEZ, | ) ) ) | FILED COPY: MAY 9, 2008<br>08CV2692   EDA<br>JUDGE DOW |
| Plaintiff, | ) | MAGISTRATE JUDGE COX |
| v. | ) No. | |
| | ) | |
| **MAYTAG CORPORATION** d/b/a AMANA, a foreign corporation and **WHIRLPOOL CORPORATION** as the Successor Corporation of MAYTAG CORPORATION, a foreign corporation, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### COMPLAINT AT LAW

NOW COMES, the Plaintiff, FOUNDERS INSURANCE COMPANY a/s/o JOSEPH MELANDEZ, (hereinafter "Plaintiff"), by its attorney, EDWARD L. COOPER, and complaining of the Defendants, MAYTAG CORPORATION ("Maytag") and WHIRLPOOL CORPORATION ("Whirlpool") states as follows:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff, Founders, is incorporated in the State of Illinois and its principal place of business is Des Plaines, Illinois. Defendants, Maytag and Whirlpool are incorporated in the State of Delaware and their principal place of business is in Michigan.

2. The matter in controversy exclusive of interest and costs exceeds the sum specified by 28 U.S.C. Section 1332.

3. This Complaint was originally filed in the Circuit Court of Cook County, Illinois and removed to the Federal Court for the Northern District Eastern

Division under Case No. 06 C 5954. On May 14, 2007, this matter was non-suited without prejudice.

4. On September 20, 2004, Joseph Melandez owned real estate improved with a single-family home located at 9232 Marie Lane in the City of Schiller Park, County of Cook, State of Illinois.

5. On September 20, 2004, Joseph Melandez owned various personal property items which were located inside his home located at 9232 Marie Lane, Schiller Park, Illinois including a gas dryer sold under the name Amana, Model number LWA6SAW, Serial number R9901029216, Manufactured number PLWA65AW.

6. On September 20, 2004, while the aforementioned Amana gas clothes dryer which was manufactured, distributed and placed into the stream of commerce by the Defendant was operating at the property previously identified and owned by Joseph Melandez, the improvements to the real estate, namely the single family home owned by Joseph Melandez, was severely damaged when the Amana clothes dryer malfunctioned igniting a fire.

7. At all times relevant herein the aforementioned gas dryer was being properly operated at the property owned by Joseph Melandez located at 9232 Marie Lane, Schiller Park, Illinois.

8. Joseph Melandez was covered for part or all of the aforesaid damage, loss and expenses under a certain insurance policy with the Plaintiff, FOUNDERS INSURANCE COMPANY, which provided in part, that Joseph Melandez was to pay a certain deductible in the amount of $1,000.00 and the Plaintiff, FOUNDERS INSURANCE COMPANY, was to pay the excess thereof up to and including the limits of the policy of insurance.

9. Pursuant to the terms of the aforementioned insurance policy, Joseph Melandez has assigned and transferred to the Plaintiff, FOUNDERS INSURANCE COMPANY, all claims and demands against any other party, person, corporation, or other legal entity arising from or connected with such damage, loss and expenses or by virtue of common law, rights of subrogation due to the Plaintiff's payment of expenses, costs and other damages of Joseph Melandez, the Plaintiff is thereby subrogated in the place of Joseph Melandez to the claims and demands of Joseph Melandez against said party, person, corporation or other legal entity. The Plaintiff, FOUNDERS INSURANCE COMPANY, is also subrogated to the amount of Joseph Melandez's deductible pursuant to Section 143b of the Illinois Insurance Code (215 ILCS 5/143d).

10. The Plaintiff, FOUNDERS INSURANCE COMPANY, actually paid on behalf of Joseph Melandez various sums of money for his damages, losses, costs and expenses and Joseph Melandez incurred a deductible, totaling the sum of $112,552.30 and the Plaintiff is now the actual bonafide subrogee for the amount paid by the Plaintiff.

## COUNT I
### (Maytag – Strict Liability)

11. The Plaintiff incorporates by reference as if fully stated herein all of the Common Allegations in this Complaint.

12. On and before September 20, 2004, and at all times material, Defendant, Maytag, is a Delaware corporation, whose primary business it is and was the manufacture, distribution and sale into the stream of commerce gas clothes dryers sold under the name Amana.

13. Before September 20, 2004 and at all times material, Defendant, Maytag, conducted business within the State of Illinois by soliciting the business of Illinois companies, selling its product to Illinois companies, and by otherwise doing business in the State of Illinois.

14. Prior to September 20, 2004, Defendant, Maytag, sold the aforementioned Amana gas clothes dryer to a retailer through its distribution chain, which was eventually purchased by Joseph Melandez.

15. At the time the Amana gas clothes dryer was manufactured, sold and left the possession of Defendant, Maytag, it was defective, unsafe and unreasonably dangerous for its intended use in that it;

    a. failed to have a fire arrester system;
    b. failed to contain devices to measure back pressure in the venting system; and
    c. failed to contain a fusible link which would fail at high temperatures.

16. As a direct and proximate result of one or more of the above unreasonably dangerous conditions, the single family owned by Joseph Melandez, and the contents of the home were severely damaged, destroyed, reduced in value, depreciated and rendered uninhabitable, and thereby Joseph Melandez was caused to incur expenses of a monetary and pecuniary extent in order to replace, repair or otherwise address the damage caused by the Defendant, Maytag, including the cost of alternative living arrangements, accommodations, personal property repairs, and other expenses in the rehabilitation, repair, replacement of the damaged single family home and its contents.

WHEREFORE, the Plaintiff, FOUNDERS INSURANCE COMPANY a/s/o JOSEPH MELANDEZ, demands judgment in the amount of $112,552.30.

## COUNT II
### (Negligence-Maytag)

17. The Plaintiff incorporates by reference as if fully stated herein all of the Common Allegations in this Complaint.

18. At all times relevant to this action, it was the duty of the Defendant, Maytag, to exercise reasonable care in the design, manufacturing and distribution of its products, which include the aforementioned Amana gas clothes dryer.

19. Defendant, Maytag, violated its duty and was guilty of one or more of the following negligent acts and omissions:

    a. failed to have a fire arrester system;
    b. failed to contain devices to measure back pressure in the venting system; and
    c. failed to contain a fusible link which would fail at high temperatures.

20. As a direct and proximate result of one or more of the above unreasonably dangerous conditions, the single family owned by Joseph Melandez, and the contents of the home were severely damaged, destroyed, reduced in value, depreciated and rendered uninhabitable, and thereby Joseph Melandez was caused to incur expenses of a monetary and pecuniary extent in order to replace, repair or otherwise address the damage caused by the Defendant, Maytag, including the cost of alternative living arrangements, accommodations, personal property repairs, and other expenses in the rehabilitation, repair, replacement of the damaged single family home and its contents.

WHEREFORE, the Plaintiff, FOUNDERS INSURANCE COMPANY a/s/o JOSEPH MELANDEZ, demands judgment in the amount of $112,552.30.

## COUNT III
### (Strict Liability-Whirlpool)

21. The Plaintiff incorporates by reference as if fully stated herein all of the Common Allegations in this Complaint.

22. At the time the Amana gas clothes dryer was manufactured, sold and left the possession of Defendant, Maytag, it was defective, unsafe and unreasonably dangerous for its intended use in that it;

    d. failed to have a fire arrester system;
    e. failed to contain devices to measure back pressure in the venting system; and
    f. failed to contain a fusible link which would fail at high temperatures.

23. As a direct and proximate result of one or more of the above unreasonably dangerous conditions, the single family owned by Joseph Melandez, and the contents of the home were severely damaged, destroyed, reduced in value, depreciated and rendered uninhabitable, and thereby Joseph Melandez was caused to incur expenses of a monetary and pecuniary extent in order to replace, repair or otherwise address the damage caused by the Defendant, Whirlpool, including the cost of alternative living arrangements, accommodations, personal property repairs, and other expenses in the rehabilitation, repair, replacement of the damaged single family home and its contents.

WHEREFORE, the Plaintiff, FOUNDERS INSURANCE COMPANY a/s/o JOSEPH MELANDEZ, demands judgment in the amount of $112,552.30.

**COUNT IV**
**(Negligence-Whirlpool)**

24. The Plaintiff incorporates by reference as if fully stated herein all of the Common Allegations in this Complaint.

25. On and before September 20, 2004, and at all times material, Defendant, Whirlpool, is and was a Delaware corporation, whose primary business it is and was the manufacture, distribution and sale into the stream of commerce gas clothes dryers sold under the name Amana.

26. Before September 20, 2004 and at all times material, Defendant, Whirlpool, conducted business within the State of Illinois by soliciting the business of Illinois companies, selling its product to Illinois companies, and by otherwise doing business in the State of Illinois.

27. Prior to September 20, 2004, Defendant, Whirlpool, sold the aforementioned Amana gas clothes dryer to a retailer through its distribution chain which was eventually purchased by Joseph Melandez.

28. On or before September 20, 2004, and at all times material, Defendant, Whirlpool, the successor corporation of Maytag which has assumed all liabilities of Maytag.

29. At all times relevant to this action, it was the duty of the Defendant, Whirlpool, to exercise reasonable care in the design, manufacturing and distribution of its products, which include the aforementioned Amana gas clothes dryer.

30. Defendant, Whirlpool, violated its duty and was guilty of one or more of the following negligent acts and omissions:

   a. failed to have a fire arrester system;
   b. failed to contain devices to measure back pressure in the venting system; and
   c. failed to contain a fusible link which would fail at high temperatures.

31. As a direct and proximate result of one or more of the above unreasonably dangerous conditions, the single family owned by Joseph Melandez, and the contents of the home were severely damaged, destroyed, reduced in value, depreciated and rendered uninhabitable, and thereby Joseph Melandez was caused to incur expenses of a monetary and pecuniary extent in order to replace, repair or otherwise address the damage caused by the Defendant, Whirlpool, including the cost of alternative living arrangements, accommodations, personal property repairs, and other expenses in the rehabilitation, repair, replacement of the damaged single family home and its contents.

WHEREFORE, the Plaintiff, FOUNDERS INSURANCE COMPANY a/s/o JOSEPH MELANDEZ, demands judgment in the amount of $112,552.30.

By: _____
Edward L. Cooper
Attorney for Plaintiffs

Edward L. Cooper
Attorney for Plaintiffs
70 West Madison Street
Suite 4200
Chicago, Illinois 60602
Telephone No.: 312/332-2840
Facsimile No.: 312/332-4547