## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FOUNDERS INSURANCE COMPANY<br>a/s/o JOSEPH MELANDEZ, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 08-CV-2692 |
| | ) ) | Judge Robert M. Dow Jr. |
| MAYTAG CORPORATION d/b/a<br>AMANA, a foreign corporation and<br>WHIRLPOOL CORPORATION as the<br>Successor Corporation of MAYAG<br>CORPORATION, a foreign corporation, | ) ) ) ) ) ) | Magistrate Judge Susan E. Cox |
| Defendants. | ) ) ) | |

## DEFENDANT WHIRLPOOL CORPORATION'S ANSWER AND DEFENSES TO COMPLAINT AT LAW

Defendant, WHIRLPOOL CORPORATION ("Whirlpool"), by its counsel, Barnes & Thornburg LLP, for its Answer and Defenses to Plaintiff's Complaint at Law, states as follows:

## GENERAL ALLEGATION COMMON TO ALL COUNTS.

1.      Plaintiff, Founders, is incorporated in the State of Illinois and its principal place of business is Des Plaines, Illinois. Defendants, Maytag and Whirlpool are incorporated in the State of Delaware and their principal place of business is in Michigan.

**ANSWER:**     Whirlpool admits the limited fact that Whirlpool and Maytag are incorporated in the State of Delaware and their principal places of business are in Michigan. Whirlpool is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's incorporation or principal place of business.

2.      The matter in controversy exclusive of interest and costs exceeds the sum specified by 28 U.S.C. Section 1332.

**ANSWER:**    Whirlpool is without knowledge or information sufficient to form a belief

as to the truth of this allegation.

3.    This Complaint was originally filed in the Circuit Court of Cook County, Illinois
and removed to the Federal Court for the Northern District Eastern Division under Case No. 06
C 5954. On May 14, 2007, this matter was nonsuited without prejudice.

**ANSWER:**    Admitted.

4.    On September 20, 2004, Joseph Melandez owned real estate improved with a
single-family home located at 9232 Marie Lane in the City of Schiller Park, County of Cook,
State of Illinois.

**ANSWER:**    Whirlpool is without knowledge or information sufficient to form a belief

as to the truth of this allegation.

5.    On September 20, 2004, Joseph Melandez owned various personal property items
which were located inside his home located at 9232 Marie Lane, Schiller Park, Illinois including
a gas dryer sold under the name Amana, Model number LWA6SAW, Serial number
R9901029216, Manufactured number PLWA65AW.

**ANSWER:**    Whirlpool is without knowledge or information sufficient to form a belief

as to the truth of this allegation.

6.    On September 20, 2004, while the aforementioned Amana gas clothes dryer
which was manufactured, distributed and placed into the stream of commerce by the Defendant
was operating at the property previously identified and owned by Joseph Melandez, the
improvements to the real estate, namely the single family home owned by Joseph Melandez, was
severely damaged when the Amana clothes dryer malfunctioned igniting a fire.

**ANSWER:**    Whirlpool denies it manufactured, distributed or placed the subject dryer

into the stream of commerce.  Whirlpool states further that the subject dryer was allegedly

purchased by Joseph Melandez in 1999.  Therefore, the subject dryer was manufactured in 1999

or some time prior thereto.  Whirlpool did not own Maytag until 2006.  Maytag did not own

Amana until 2001.  From the summer of 1997 to 2001, Amana was owned by Goodman Global

Holdings, Inc. ("Goodman").  Prior to the summer of 1997, Amana was owned by Raytheon

Appliance Group ("Raytheon").  Therefore, neither Whirlpool nor Maytag can be liable because

neither one manufactured the subject dryer.  Whirlpool is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

7.    At all times relevant herein the aforementioned gas dryer was being properly
operated at the property owned by Joseph Melandez located at 9232 Marie Lane, Schiller Park,
Illinois.

**ANSWER:**    Whirlpool is without knowledge or information sufficient to form a belief

as to the truth of this allegation.

8.    Joseph Melandez was covered for part or all of the aforesaid damage, loss and
expenses under a certain insurance policy with the Plaintiff, FOUNDERS INSURANCE
COMPANY, Which provided in part, that Joseph Melandez was to pay a certain deductible in
the amount of $1,000.00 and the Plaintiff, FOUNDERS INSURANCE COMPANY, was to pay
the excess thereof up to and including the limits of the policy of insurance.

**ANSWER:**    Whirlpool is without knowledge or information sufficient to form a belief

as to the truth of this allegation.

9.    Pursuant to the terms of the aforementioned insurance policy, Joseph Melandez
has assigned and transferred to the Plaintiff, FOUNDERS INSURANCE COMPANY, all claims
and demands against any other party, person, corporation, or other legal entity arising from or
connected with such damage, loss and expenses or by virtue of common law, rights of
subrogation due to the Plaintiff's payment of expenses, costs and other damages of Joseph
Melandez, the Plaintiff is thereby subrogated in the place of Joseph Melandez to the claims and
demands of Joseph Melandez against said party, person, corporation or other legal entity. The
Plaintiff; FOUNDERS INSURANCE COMPANY, is also subrogated to the amount of Joseph
Melandez's deductible pursuant to Section 143b of the Illinois Insurance Code (215 ILCS
5/143d).

**ANSWER:**    Whirlpool is without knowledge or information sufficient to form a belief

as to the truth of this allegation.

10.    The Plaintiff, FOUNDERS INSURANCE COMPANY, actually paid on behalf of
Joseph Melandez various sums of money for his damages, losses, costs and expenses and Joseph
Melandez incurred a deductible, totaling the sum of $112,552.30 and the Plaintiff is now the
actual bonafide subrogee for the amount paid by the Plaintiff.

**ANSWER:**    Whirlpool is without knowledge or information sufficient to form a belief

as to the truth of this allegation.

## COUNT I
### (Maytag - Strict Liability)

Whirlpool makes no response to the allegations in Count I of Plaintiff's Complaint as those allegations are directed to a defendant other than Whirlpool. To the extent a response is required, the allegations are denied.

## COUNT II
### (Negligence-Maytag)

Whirlpool makes no response to the allegations in Count II of Plaintiff's Complaint as those allegations are directed to a defendant other than Whirlpool. To the extent a response is required, the allegations are denied.

## COUNT III
### (Strict Liability-Whirlpool)

21.    The Plaintiff incorporates by reference as if fully stated herein all of the Common Allegations in this Complaint.

**ANSWER:**    Whirlpool incorporates by reference as if fully stated herein its answers to all of the Common Allegations in Plaintiff's Complaint.

22.    At the time the Amana gas clothes dryer was manufactured, sold and left the possession of Defendant, Maytag, it was defective, unsafe and unreasonably dangerous for its intended use in that it;

　　　　d.    failed to have a tire arrester system;
　　　　e.    failed to contain devices to measure back pressure in the venting system; and
　　　　f.    failed to contain a fusible link which would fail at high temperatures.

**ANSWER:**    Denied. Whirlpool states further that neither Whirlpool nor Maytag can be liable because neither one manufactured or sold the subject dryer. Either Goodman or Raytheon manufactured or sold the subject dryer.

23.    As a direct and proximate result of one or more of the above unreasonably dangerous conditions, the single family owned by Joseph Melandez, and the contents of the home were severely damaged, destroyed, reduced in value, depreciated and rendered uninhabitable, and thereby Joseph Melandez was caused to incur expenses of a monetary and

pecuniary extent in order to replace, repair or otherwise address the damage caused by the Defendant, Whirlpool, including the cost of alternative living arrangements, accommodations, personal property repairs, and other expenses in the rehabilitation, repair, replacement of the damaged single family home and its contents.

**ANSWER:**    Denied.

WHEREFORE, Defendant Whirlpool Corporation prays for judgment in its favor and

against Plaintiff Founders Insurance Company, that Plaintiff take nothing by way of its

Complaint, that the Court enter an Order dismissing Plaintiff's cause of action against Defendant

Whirlpool Corporation with prejudice, awarding Whirlpool Corporation its costs, and awarding

Whirlpool Corporation all other relief the Court deems equitable and just.

## COUNT IV
### (Negligence-Whirlpool)

24.    The Plaintiff incorporates by reference as if fully stated herein all of the Common Allegations in this Complaint.

**ANSWER:**    Whirlpool incorporates by reference as if fully stated herein its answers to

all of the Common Allegations in Plaintiff's Complaint.

25.    On and before September 20 2004, and at all times material, Defendant, Whirlpool, is and was a Delaware corporation, whose primary business it is and was the manufacture, distribution and sale into the stream of commerce gas clothes dryers sold under the name Amana.

**ANSWER:**    Whirlpool admits the limited fact that on and before September 20, 2004,

it was a Delaware Corporation.  Whirlpool denies all remaining allegations in this paragraph.

Whirlpool states further that neither Whirlpool nor Maytag can be liable because neither one

manufactured, distributed and sold the subject dryer.  Either Goodman or Raytheon

manufactured, distributed and sold the subject dryer.

26.    Before September 20, 2004 and at all times material, Defendant, Whirlpool, conducted business within the State of Illinois by soliciting the business of Illinois companies, selling its product to Illinois companies, and by otherwise doing business in the State of Illinois.

**ANSWER:** Whirlpool admits the limited fact that before September 20, 2004,

Whirlpool sold products to businesses located in the State of Illinois. Whirlpool denies all

remaining allegations in this paragraph.

27. Prior to September 20, 2004, Defendant, Whirlpool, sold the aforementioned Amana gas clothes dryer to a retailer through its distribution chain which was eventually purchased by Joseph Melandez.

**ANSWER:** Denied. Whirlpool states further that neither Whirlpool nor Maytag can

be liable because neither one sold the subject dryer. Either Goodman or Raytheon sold the

subject dryer.

28. On or before September 20, 2004, and at all times material, Defendant, Whirlpool, the successor corporation of Maytag which has assumed all liabilities of Maytag.

**ANSWER:** Denied.

29. At all times relevant to this action, it was the duty of the Defendant, Whirlpool, to exercise reasonable care in the design, manufacturing and distribution of its products, which include the aforementioned Amana gas clothes dryer.

**ANSWER:** Paragraph 29 of Count IV of Plaintiff's Complaint does not state facts on

which a cause of action is based. Rather, it contains allegations of law to which no response is

required, and therefore Whirlpool denies the allegations in this paragraph.

30. Defendant, Whirlpool, violated its duty and was guilty of one or more of the following negligent acts and omissions:

      a.     failed to have a fire arrester system;
      b.     failed to contain devices to measure back pressure in the venting system; and
      c.     failed to contain a fusible link which would fail at high temperatures.

**ANSWER:** Denied.

31. As a direct and proximate result of one or more of the above unreasonably dangerous conditions, the single family owned by Joseph Melandez, and the contents of the home were severely damaged, destroyed, reduced in value, depreciated and rendered uninhabitable, and thereby Joseph Melandez was caused to incur expenses of a monetary and pecuniary extent in order to replace, repair or otherwise address the damage caused by the

Defendant, Whirlpool, including the cost of alternative living arrangements, accommodations, personal property repairs, and other expenses in the rehabilitation, repair, replacement of the damaged single family home and its contents.

**ANSWER:**    Denied.

WHEREFORE, Defendant Whirlpool Corporation prays for judgment in its favor and against Plaintiff Founders Insurance Company, that Plaintiff take nothing by way of its Complaint, that the Court enter an Order dismissing Plaintiff's cause of action against Defendant Whirlpool Corporation with prejudice, awarding Whirlpool Corporation its costs, and awarding Whirlpool Corporation all other relief the Court deems equitable and just.

## DEFENSES

Defendant WHIRLPOOL CORPORATION, for its additional defenses to the Complaint of Plaintiff Founders Insurance Company, states as follows:

1.     Some or all of Plaintiff's claims fail to state a cause of action against Whirlpool upon which relief may be granted.

2.     Plaintiff's damages, if any, were caused in whole or in part by the intentional, reckless, or negligent acts or omissions of some third party or third parties, over which Whirlpool exerts no control.

3.     The comparative fault of Plaintiff (including negligence, assumption of risk, incurred risk, and/or failure to mitigate damages) is greater than 50% of the total fault involved in causing the alleged damages, if any, and therefore Plaintiff is barred from any recovery in this matter.

4.     The comparative fault of Plaintiff was the proximate cause of its alleged damages and such damages, if any, should be diminished in proportion as the damages are attributable to Plaintiff's fault.

5.     Subject to a reasonable opportunity for investigation and discovery, Plaintiff's alleged damages, if any, were caused by lack of maintenance and/or care and/or alterations and/or misuse of the allegedly defective product or products by the owners or operators of the same or by other persons or entities over which Whirlpool had no duty or control, and such lack of maintenance and/or care and/or alterations and/or misuse was neither intended nor reasonably foreseeable by Whirlpool.

6.     Subject to a reasonable opportunity for investigation and discovery, Plaintiff's alleged injuries resulted, in whole or in part, from an intervening or superseding cause.

7.     Plaintiff's damages, if any, were caused in whole or in part by the negligent acts or omissions of non-parties to this action.  Whirlpool reserves the right to name the non-parties, as their existence and/or importance is discovered through this case.

8.     The subject product allegedly owned by Plaintiff was reasonably fit, suitable, and safe for its intended use.

9.     Plaintiff's claims are barred, in whole or in part, because the subject dryer was at all times relevant manufactured and sold consistent with available technology, scientific knowledge, and the state of the art, and in compliance with all federal, state, and local laws and regulations, and was accompanied by product information and warnings that were reasonable, full and adequate and in accordance with the state of scientific knowledge then in existence.

10.     Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

11.    The subject dryer was allegedly purchased by Joseph Melandez in 1999. Therefore, the subject dryer was manufactured in 1999 or some time prior thereto. Whirlpool did not own Maytag until 2006. Maytag did not own Amana until 2001. From the summer of 1997 to 2001, Amana was owned by Goodman Global Holdings, Inc. ("Goodman"). Prior to the summer of 1997, Amana was owned by Raytheon Appliance Group ("Raytheon"). Therefore, neither Whirlpool nor Maytag can be liable because neither one manufactured the subject dryer.

Whirlpool reserves the right to amend its defenses to assert additional defenses to the extent those defenses are learned through further discovery.

WHEREFORE, Defendant Whirlpool Corporation prays for judgment in its favor and against Plaintiff Founders Insurance Company, that Plaintiff take nothing by way of its Complaint, that the Court enter an Order dismissing Plaintiff's cause of action against Defendant Whirlpool Corporation with prejudice, awarding Whirlpool Corporation its costs, and awarding Whirlpool Corporation all other relief the Court deems equitable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendant, Whirlpool Corporation, hereby demands a trial by jury of all issues so triable of right in this action.

Respectfully submitted,

By: /s/ Marc S. Silver

Marc S. Silver
James E. Michel
BARNES & THORNBURG LLP
One N. Wacker Drive
Suite 4400
Chicago, IL 60606
Telephone:    (312) 357-1313
Facsimile:    (312) 759-5646
Email:    msilver@btlaw.com
          jmichel@btlaw.com
Attorneys for Defendant Whirlpool Corporation

9

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2008, a copy of the foregoing **Defendant Whirlpool Corporation's Answer and Defenses to Plaintiff's Complaint at Law** was filed electronically. Notice of this filing will be sent to the following attorneys by operation of the Court's electronic filing system, and, to those parties not receiving such notice, by U.S. Mail from One Wacker Drive, Chicago, Illinois.  Parties may access this filing through the Court's system.

Edward L. Cooper
70 W. Madison Street
Suite 4200
Chicago, Illinois 60602


/s/ James E. Michel
James E. Michel

CHDS01 477809v1